IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES CAPLE                                                                          PLAINTIFF

vs.                                  CIVIL NO. 06-5117

MICHAEL J. ASTRUE,[1]
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION            DEFENDANT

**MEMORANDUM OPINION**

      Charles Caple ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act.

**Background:**

      The applications for DIB and SSI now before this court were filed on November 19, 2003, alleging an onset date of May 1989, due to mental limitations as well as epigastric, abdominal, lower back, and left shoulder pain. (Tr. 13). An administrative hearing was held on May 19, 2005. (Tr. 18-19, 35-42, 333-353).

      At the time of the administrative hearing, plaintiff was fifty years old and possessed an eighth grade education. (Tr. 43, 50-55, 312, 339-340). The record reveals that he had no past relevant work ("PRW") experience.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

The Administrative Law Judge ("ALJ"), entered a written opinion on August 10, 2004, concluding that plaintiff's impairments were severe but determined that they did not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 13). The ALJ then found that plaintiff retained the residual functional capacity ("RFC") to perform a wide range of light exertional level activities with non-exertional limitations. Specifically, he determined that plaintiff had a limited but satisfactory ability to understand, remember, and carry out simple instructions; make judgments on simple work-related decisions; interact appropriately with supervisors; and, respond appropriately to changes in his work setting. The ALJ also concluded that plaintiff had a seriously limited but not precluded ability to understand, remember, and carry out detailed instructions; interact appropriately with the general public and co-workers; and, respond appropriately to work pressures in a usual work setting. With the assistance of a vocational expert, the ALJ found that plaintiff could still perform work as an assembly/production worker, poultry processing worker, and hand packer. (Tr. 16).

On February 16, 2006, the Appeals Council declined to review this decision. (Tr. 3-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

We are troubled by the fact that the record before this court lacks a psychiatric rewiew technique form ("PRTF"). Whenever an adult claimant alleges a mental impairment, the application of a special technique must be followed at each level of the administrative review process. *See* 20 C.F.R. § 416.920a(a). The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. *See* 20 C.F.R. § 416.920a(d). Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. *See* 20 C.F.R. § 416.920a(e).

Although the record clearly indicates that plaintiff was suffering from significant problems associated with anxiety, tension, and sadness, and the ALJ concluded that plaintiff's RFC was

limited by his mental impairments, the record contains no PRTF. As such, the case must be remanded to allow the ALJ to properly complete this evaluation.

We also note that the ALJ failed to properly consider the psychological evaluation prepared by Dr. Martin Faitak. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). On June 17, 2005, Dr. Martin Faitak performed a mental evaluation of plaintiff, as ordered by the ALJ. (Tr. 285-290). Testing revealed that plaintiff had an IQ of 82, which falls within the lower average range of intellect. However, his scores were uneven and his verbal abilities were found to far exceed his nonverbal. Dr. Faitak noted that plaintiff demonstrated significant weakness in the areas of visual analysis and synthesis with learning disabilities in arithmetic. He also found plaintiff to be immature, needy, and superficial with significant problems related to anxiety, tension, and sadness. Dr. Faitak completed a mental RFC assessment indicating that plaintiff had a good (limited but satisfactory) ability to follow work rules; interact with supervisors; function independently; and, understand, remember, and carry out simple job instructions. However, he concluded that plaintiff had only a fair (seriously limited but not precluded) ability to relate to co-workers; deal with the public; use judgment; deal with work stresses; maintain concentration and attention; understand, remember, and carry out detailed job instructions; maintain personal appearance; behave in an emotionally stable manner; relate predictably in social situations; and, demonstrate reliability. Dr. Faitak stated that plaintiff's abilities were limited by anxiety and social immaturity, as well as difficulty putting his own needs aside to focus on other issues. Further, he determined that plaintiff

had poor or no ability to understand, remember, and carry out complex job instructions. (Tr. 285-290).

The ALJ acknowledged Dr. Faitak's diagnosis but failed to consider his mental RFC assessment. In fact, he made absolutely no mention of the mental limitations found by the doctor. Instead, the ALJ determined that plaintiff had a limited but satisfactory ability to understand, remember, and carry out simple job instructions; make judgments on simple work-related decisions; interact appropriately with supervisors; and, respond appropriately to changes in the work setting. The ALJ also concluded that plaintiff had a seriously limited but not precluded ability to understand, remember, and carry out detailed instructions; interact appropriately with the general public and co-workers; and, respond appropriately to work pressures in a usual work setting. Because he fails to mention Dr. Faitak's assessment and Dr. Faitak's assessment is the only mental RFC assessment of record, we believe that remand is necessary to allow the ALJ to reconsider this assessment. Should he determine that Dr. Faitak's assessment is flawed or inconsistent with the record as a whole, he is directed to provide "good reasons" for the particular weight given to his evaluation. 20 C.F.R § 404.1527(d)(2); *see also* SSR 96-2p; *See Prosch v. Apfel,* 201 F.3d at 1010, 1012-13 (8th Cir. 2000).

In addition, we are troubled by the Appeals Council's failure to remand the case back to the ALJ to consider a mental status evaluation conducted by Dr. Richard Back. "[I]f a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision."

*Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. *Id.* Evidence obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

Dr. Back's evaluation was conducted on November 15, 2005, thirteen days after the ALJ issued his opinion in this case. (Tr. 329-332). He noted that plaintiff exhibited flight of ideas as well as some persecutory thinking, circumlocution, and marked impulsiveness. (Tr. 330). Further, Dr. Back found plaintiff to be "so peculiar that the average person would avoid him." (Tr. 331). He diagnosed plaintiff with chronic pain disorder associated with both psychological factors and a general medical condition, mild mental retardation, and schizotypal personality disorder. (Tr. 332). Although he did not conclude that plaintiff was mentally retarded, Dr. Back indicated that plaintiff's level of adaptive functioning was markedly impaired, as revealed by a performance I. Q. of 70.[2] No evidence of exaggeration or malingering was noted, and Dr. Back stated that plaintiff's condition was not expected to improve within the following twelve months. (Tr. 332).

After reviewing this evidence, it is clear that Dr. Back's evaluation constitutes both new and material evidence. As we believe this information would have impacted the ALJ's decision in this matter when considered in conjunction with Dr. Faitak's mental RFC assessment, we believe that the case should be remanded to allow the ALJ to take these records into consideration in determining plaintiff's mental capabilities.

---

[2] This I. Q. score came from Dr. Faitak's report, which revealed verbal I. Q. of 94, a performance I. Q. of 70, and a full scale I. Q. of 82. (Tr. 286).

**Conclusion:**

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 30th day of May 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE